IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:
TODD A. SWENNING                                    Case No. 15-11408
        Debtor                                    Chapter 11

**DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO STRIKE OPPOSITION AND OBJECTION TO ADDITIONAL RELIEF REQUESTED BY THE TRUSTEE**

COMES NOW the Debtor and hereby objects to the Trustee's (1) Request to Strike Debtor's Late-filed Opposition to Chapter 11 Trustee's Motion to Dismiss Chapter 11 case, (2) Require Turnover of Estate Funds and (3) Approve the Method for Making Distributions of Remaining Estate Funds and, in the event late-filed Opposition is not stricken (II) Reply to Late-filed Opposition ("Trustee's Reply") filed May 31, 2019 (Dkt. 260). As grounds therefore, Debtor would show the Court as follows:

1. The Trustee's original Motion to Dismiss Case filed May 3, 2019 (Dkt. 244) ("Trustee's Motion") gave notice of the Trustee's requests and a notice of opportunity for a hearing fixing a response deadline of 24 days.

2. On May 6, 2019, prior to the expiration of the 24 day notice time, the Court set an evidentiary hearing to consider the Trustee's Motion for May 21, 2019, at 1:30 p.m. The Court's Order required that "counsel shall present any evidence which is necessary for the Court's full consideration and determination of the matters," effectively negating the 24 day notice for filing and objection or response and directly setting the Trustee's Motion for an evidentiary hearing.

3. On May 7, 2019, the Trustee filed the Notice of Evidentiary Hearing on the Trustee's Motion giving notice of the May 21, 2019, hearing date and attaching a copy of the Court's May 6, 2019, Minute Order (Dkt. 245). The Notice of Evidentiary Hearing gave no notice of a deadline to respond.

4. On May 20, 2019, one day prior to the scheduled hearing date, the Court entered a

text-only Order, continuing the hearing to June 5, 2019, at 1:30 p.m., and directing the Chapter 11 Trustee to give notice to all parties.

5. On May 21, 2019, the Trustee gave notice of the continuance of hearing and attaching the Court's May 20, Order of Continuance. Neither the Trustee's Notice nor the Order continuing hearing contained any deadline for filing a response.

6. The Debtor filed his response to the Trustee's Motion on May 29, 2019 (Dkt. 257) and filed Witness and Exhibits Lists (Dkt. 258).

7. This contested matter has not proceeded as a hearing under the notice and opportunity for a hearing rule, but has been specially set with notice to the parties to be prepared to present evidence. The Debtor filed his response well in advance of hearing and tendered his Witness and Exhibit List. It would be inequitable, unjust and not in accordance with the local rules to strike a response which was filed well in advance of the hearing under circumstances where none was required.

8. In his Reply, the Trustee reiterates his prior requests for relief, but also adds a new request, that being that the Debtor be forever barred from seeking a discharge of any debts which could have been discharged in this case. This is a substantial and significant new request for relief which was not raised in the original Trustee's Motion. Debtor does not believe grounds for a bar to any future discharge exists in this case and requests an opportunity to reply to the request and prepare evidence with adequate notice. The Trustee acknowledges that this relief was not requested in the original Trustee's Motion and requests that if the Court is inclined to grant a dismissal, that the request for a bar to future discharge be heard in a supplemental hearing. The issues involved in a bar to future discharge are vitally important to the Debtor, and have to do with willfulness and good faith based on a totality of the circumstances. If that issue

is to be deferred, all issues should be deferred and heard at once, not only to avoid duplication, but to allow the Court to reach a fair and just result

**WHEREFORE**, the Debtor requests that the Trustee's Motion to Strike be denied, and that the Trustee's Motion to be otherwise denied and specifically that the Trustee's request for a bar to refiling be denied, or, in the alternative, that if the Trustee's request for a bar to the refiling is to be heard, that all issues be continued for a full evidentiary hearing.

        DOERNER, SAUNDERS,
          DANIEL & ANDERSON, L.L.P.

By:    */s/ Sam G. Bratton II*
       Sam G. Bratton II, OBA No. 1086
       Williams Center Tower II
       Two West Second Street, Suite 700
       Tulsa, Oklahoma 74103-3117
       Telephone (918) 582-1211
       Facsimile (918) 925-5215
       sbratton@dsda.com
       **Attorneys for Debtor**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2019, I electronically transmitted the foregoing instrument to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF Registrants in the above case.

       /s/ *Sam G. Bratton II*
       Sam G. Bratton II

5017944.1